IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MOSES GALINDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-08-56 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, filed by Moses Galindo ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). After considering the petition, the record and the applicable law, the Court is of the opinion that the habeas petition should be dismissed as time-barred.

**Procedural History**

According to Petitioner, in June 2002 he pleaded guilty to aggravated assault with a deadly weapon and was sentenced to 15 years imprisonment. (Dkt. No. 1 at 2). Petitioner appealed his conviction to the Thirteenth Court of Appeals in Corpus Christi, Texas. The Court of Appeals affirmed his conviction on August 12, 2004. He thereafter filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was denied on March 3, 2005. *See* Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=229864 (last visited Nov. 4, 2008). On October 3, 2005, the United States Supreme Court denied Petitioner's petition for writ of certiorari.

On May 22, 2006, nearly eight months after the date Petitioner's criminal judgment became final, he filed a state application for a writ of habeas corpus under TEX. CODE CRIM. PRO. art. 11.07 asserting various constitutional violations surrounding his guilty plea and conviction. (Dkt. No. 1 at 3–4); *see also* Texas Court of Criminal Appeals Website, *supra*, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=243309 (last visited Nov. 4, 2008). Pursuant to the Texas Rules of Criminal Procedure, the application was forwarded to the Texas Court of Criminal Appeals which denied it without a written order on June 6, 2007. *Id.* Petitioner filed the instant federal petition for a writ of habeas corpus around June 13, 2008.[1]

### One-Year Statute of Limitations

Petitioner's federal habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

1. June 13, 2008 is the date Petitioner's habeas petition was received by the Clerk's office. While the Court recognizes a federal habeas petition is considered filed on the date it is placed in the prison mail system, *see Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998), Petitioner did not date his habeas petition. Petitioner exceeds the applicable statute of limitations by several months, therefore, the exact date Petitioner placed his habeas petition in the prison mail system does not affect this Court's analysis.

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is clear that Petitioner's challenge to his June 2002 judgment and sentence is barred by the AEDPA's statute of limitations. Petitioner's judgment became final on October 3, 2005, the date the United States Supreme Court denied his petition for writ of certiorari. Approximately eight months elapsed before Petitioner filed his state habeas petition. At the point Petitioner filed his state habeas petition on May 22, 2006, the limitations period was tolled up until the time the Court of Criminal Appeals denied the habeas petition on June 6, 2007. 28 U.S.C. § 2254(d)(2). Petitioner waited one year before filing his federal habeas petition. Therefore, Petitioner exceeded the statute of limitations by approximately eight months.

Petitioner's habeas petition is therefore time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity. Petitioner neither asserts, nor can the Court otherwise identify, anything in his petition that supports extending the applicable limitations period. Because Petitioner does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address sua sponte the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Petitioner cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds. Under the plain record of this case, Petitioner's claims are barred by the applicable statute of limitations. Accordingly, Petitioner is not entitled to a COA.

**Conclusion**

For the foregoing reasons, Moses Galindo's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is DENIED. The Court also DENIES

Petitioner a Certificate of Appealability.

It is so **ORDERED**.

Signed this 7th day of November, 2008.

                                                  JOHN D. RAINEY  
                                       UNITED STATES DISTRICT JUDGE