IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| MOSES GALINDO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION V-08-56 |
| RICK THALER,[1] § | |
| Director, Texas Department of § | |
| Criminal Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Moses Galindo ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his guilty plea for aggravated assault with a deadly weapon. (Dkt. No. 1.) Respondent Rick Thaler ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division, filed a Motion to Dismiss, asserting that Petitioner's claims are barred as untimely (Dkt. No 26). After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Respondent's motion should be **GRANTED** and Petitioner's habeas petition should be **DISMISSED**.

### Procedural History

On March 16, 2000, Petitioner pled guilty to aggravated assault with a deadly weapon. *State v. Galindo*, No. 00-01-9294 (24th Dist. Ct. DeWitt County, Tex., Mar. 16, 2000). Pursuant to the terms of Petitioner's plea bargain, the trial court deferred adjudication of his guilt, provided that Petitioner complete ten years of community supervision. Petitioner expressly waived his right to appeal and did not file a direct appeal. After Petitioner violated the conditions

---

[1]. Petitioner originally named former Texas Department of Criminal Justice (TDCJ) Director Nathaniel Quarterman as Respondent in this suit. Thaler has since replaced Quarterman as TDCJ Director.

of his community supervision, the State of Texas moved the trial court to adjudicate Petitioner's guilt. On June 5, 2002, Petitioner pled not true to violating the terms of his community supervision. Two days later, the trial court adjudicated Petitioner guilty of the 2000 offense of aggravated assault with a deadly weapon and sentenced Petitioner to fifteen years imprisonment. *State v. Galindo*, No. 00-01-9294 (24th Dist. Ct. DeWitt County, Tex., June 7, 2002).

Petitioner appealed his conviction to the Thirteenth Court of Appeals in Corpus Christi, Texas. *Galindo v. State*, No. 13-02-503-CR (Tex. App.—Corpus Christi, pet. ref'd.) The Court of Appeals affirmed his conviction in an unpublished opinion on August 12, 2004. Petitioner thereafter filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was denied on March 3, 2005. *Galindo v. State*, P.D.R. No. 1591-04. On October 3, 2005, the United States Supreme Court denied Petitioner's petition for writ of certiorari. *Galindo v. Texas*, 546 U.S. 891 (2005).

On April 12, 2006, nearly eight months after the date Petitioner's conviciton became final, he filed a state application for a writ of habeas corpus under TEX. CODE CRIM. PRO. art. 11.07 asserting various constitutional violations surrounding his guilty plea and conviction. *Ex parte Galindo*, No. WR-64,809-01 (Tex. Crim. App. 2006). Pursuant to the Texas Rules of Criminal Procedure, the application was forwarded to the Texas Court of Criminal Appeals, which denied relief without a written order on June 6, 2007. *Id.*

Petitioner filed the instant federal petition for a writ of habeas corpus around June 13, 2008.[2] The Court dismissed the petition as time barred on November 7, 2008. *Galindo v. Quarterman*, 2008 WL 4861703 (S.D. Tex. Nov. 7, 2008). Petitioner appealed this dismissal to the United States Court of Appeals for the Fifth Circuit, which remanded for further proceedings,

---

2. June 13, 2008 is the date Petitioner's habeas petition was received by the Clerk's office. While the Court recognizes a federal habeas petition is considered filed on the date it is placed in the prison mail system, *see Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998), Petitioner did not date his habeas petition. However, because Petitioner exceeds the applicable statute of limitations by several years, the exact date Petitioner placed his habeas petition in the prison mail system does not affect this Court's analysis.

noting that "although the district court may *sua sponte* raise the issue of timeliness, Galindo was not given the required notice and opportunity to respond to the question of the timeliness of his application." *Galindo v. Quarterman*, 2009 WL 2407226, *1 (5th Cir. Aug. 6, 2009) (citing *Day v. McDonough*, 547 U.S. 198, 209–10 (2006)). On remand, the Court ordered Petitioner to show why the limitations period should not bar his habeas petition. (Dkt. No. 14.) Pursuant to the Court's Order, Galindo filed his Response to Time Bar Issues on September 30, 2009 (Dkt. No. 21), and Respondent moved to dismiss (Dkt. No. 26).

## One-Year Statute of Limitations

Petitioner's federal habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is clear that Petitioner's challenge to his March 2000 guilty plea is barred by AEDPA's statute of limitations. For purposes of AEDPA, an order of community supervision and deferred adjudication is a "judgment," which becomes final upon the expiration of time in which to appeal from that order. *Caldwell v. Dretke*, 429 F.3d 521, 528—30 (5th Cir. 2005). The record reflects that Petitioner voluntarily, knowingly, and intelligently waived his right to appeal his guilty plea,[3] and he did not seek review of the deferred adjudication order. Therefore, the order became final on the date Petitioner was placed on community supervision—March 16, 2000. *See Glaze v. State*, 675 S.W.2d 768, 769 (Tex. Crim. App. 1984). Accordingly, absent any tolling, the one-year limitation period for filing a federal habeas petition expired on March 16, 2001. Petitioner's habeas petition is therefore time barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity.

## Statutory Tolling

Under § 2244(d)(2), a properly filed application for state post-conviction or other collateral review will toll the limitations period while the application is pending. All of Petitioner's applications for state post-conviction review were filed after the limitations period expired, however, and do not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

---

3. Petitioner contends that he was not competent to enter such a plea or waiver because he was taking a number of medications at the time. When Petitioner raised this same issue in his state application for writ of habeas corpus, the Texas Court of Criminal Appeals ordered the trial court to make findings of fact as to whether Petitioner's plea was made intentionally, knowingly, and voluntarily. After considering the evidence, the trial court concluded that it was. *Ex parte Galindo*, No. WR-64,809-01 (Tex. Crim. App. 2006).

## Equitable Tolling

As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling applies where the petitioner is actively misled by the respondent or the court about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted). Ignorance of the law or excusable neglect is not a justification for equitable tolling, *Fierro*, 294 F.3d at 682, and "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Petitioner did nothing to challenge his guilty plea for over six years after he was placed on community supervision, when he filed his application for state writ of habeas corpus in April 2006. Petitioner then waited more than a year after his state writ was denied before filing his federal habeas petition. Petitioner does not offer any explanation for his failure to timely file the present petition. He does not claim that he was actively misled by Respondent or the Court, or that he was otherwise prevented in some extraordinary way from asserting his rights. Instead, Petitioner urges the Court to ignore AEDPA's limitations period and consider his constitutional claims because he is actually innocent. However, the Fifth Circuit has made clear that a petitioner's claims of actual innocence do not justify equitable tolling of the limitations period.

*Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner has not established that he is entitled to any tolling. Therefore, his petition must be dismissed as barred by the governing one-year limitations period.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address *sua sponte* the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Petitioner cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds. Under the plain record of this case,

6

Petitioner's claims are barred by the applicable statute of limitations. Accordingly, Petitioner is not entitled to a COA.

## Conclusion

For the foregoing reasons, Respondent Rick Thaler's Motion to Dismiss (Dkt. No. 26) is **GRANTED** and Moses Galindo's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**. Petitioner's Motion for Leave to Supplement (Dkt. No. 22) is **DISMISSED** as moot. The Court also **DENIES** Petitioner a Certificate of Appealability.

It is so **ORDERED**.

Signed this 2nd day of March, 2010.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE